PROB 12C
(NCW Rev. 6/06)

FILED
ASHEVILLE, N.C.

AUG 30 2007

U.S. DISTRICT COURT
W. DIST. OF N.C.

# UNITED STATES DISTRICT COURT
## for the
## Western District of North Carolina

### Petition for Warrant for Offender Under Supervision

Name of Offender: **Jimmy Earl Conard**     Case Number: 1:91CR52-01

Name of Sentencing Judicial Officer: The Honorable Graham C. Mullen, U.S. District Judge

Date of Original Sentence: 5/5/92    Register Number:    PACTS Number: 13554

Original Offense: 18 U.S.C. 2113(a) - Bank Robbery - Class B Felony

Original Sentence: 198 months imprisonment; 3 years supervised release; $50 fine; and $420 restitution.

Type of Supervision: Supervised Release    Date Supervision Commenced: 11/8/2005

Asst. U.S. Attorney: Thomas J. Ashcraft    Defense Attorney: Troy Stafford

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

**BOND RECOMMENDATION:** Detention: In light of the violations detailed herein, as well as the external circumstances surrounding the offender, it is possible that the safety of the offender, third parties and the supervising officer will be an issue.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **NEW LAW VIOLATION (Date violation concluded: 8/26/2007).** The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 8/26/2007 the defendant committed the criminal offense of Assault on a Female in violation of NCGS 14-33(C)(2). According to the warrant for arrest, Mr. Conard assaulted Brenda Sprinkle by hitting her in the head with a beer bottle. The warrant is outstanding at this time. (Grade C) |
| 2 | **DRUG/ALCOHOL USE (Date violation concluded: 10/30/2006).** The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician," in that, on 5/26/06, 8/10/06, 10/19/06 and 10/30/06, the defendant submitted urine samples that tested positive for cocaine. (Grade C) |

3  **FAILURE TO COMPLY WITH DRUG TESTING / TREATMENT REQUIREMENTS (Date violation concluded: 12/19/2006).**
The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic tests thereafter for use of any controlled substance, subject to the provisions of 18 U.S.C. § 3563(a)(4) or 18 U.S.C. § 3583(d), respectively," in that, on 7/5/06, Mr. Conard was referred to ARP/Phoenix for substance abuse treatment. He was placed in the Outpatient Program with instructions that he was to attend group counseling two times per week. Mr. Conard's attendance was inconsistent and his case was terminated in January 2007. According to his counselor Mr. Conard appeared to be disinterested in treatment. (Grade C)

4  **FAILURE TO SUBMIT MONTHLY SUPERVISION REPORTS (Date violation concluded: 8/5/2007).**
The defendant has violated the condition of supervision that states, "The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month," in that, Mr. Conard has failed to submit his Monthly Supervision Reports for June and July 2007. (Grade C)

U.S. Probation Officer Recommendation:

[X]  The term of supervision should be
    [X]  revoked.
    [ ]  extended for years, for a total term of years.

It is requested that this motion be sealed until service.

I declare under penalty of perjury that the foregoing is true and correct.

                            Respectfully submitted,

                by  _____s/ Stephen D. Cook_____
                        Stephen D. Cook
                        U.S. Probation Officer
                        B-3 U.S. Courthouse Building
                        100 Otis Street
                        Asheville, NC 28801
                        (828) 771-7345
                        Date: 8/29/2007

Approved by:

__s/ B. Beattie Logan III__
B. Beattie Logan III
Supervising U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Date: __August 30, 2007__

*/s/ Dennis C. Howell/*

**OFFENDER CHARACTERISTICS:**

Family: The defendant has resided at 55 Chris Lane, Asheville, North Carolina since his release. Mr. Conard has been residing with his girlfriend Brenda Sprinkle Baldwin. The defendant has a daughter Lori Michelle Conard from a prior marriage to Dorothy Lankford and son, Jimmy Lee Conard, from his relationship with Brenda Baldwin. The defendant's parents, James and Christina Conard also reside on Chris Lane in Asheville, North Carolina.

Employment: The defendant is employed by his uncle, Johnny Conard, at Johnny's Mobile Home Service of Asheville. He earns $100 per day as a laborer. In addition, he works part-time as a bulldozer operator for his father at James Conard Grading.

Financial: The defendant has no known financial problems.

Health: The defendant's only known health problem is back pain.

Treatment Expenditures: Since the commencement of supervision, the U.S. Probation Office has paid a total of $600.00 on substance abuse and/or mental health treatment for this defendant.

Prior Record:

| Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposed | Guideline | Pnt |
|---|---|---|---|---|
| Unknown | Breaking and Entering, Larceny (13 Counts); NC Superior Court, Iredell County, NC | 4/1/1981: Pled guilty to 8 counts of Breaking and Entering. Not less than 4 nor more than 6 years imprisonment. 12/22/1986: Paroled 3/22/1987: Discharged. | 4A1.1(a) | 3 |
| 2/3/1981 | Breaking and Entering NC Superior Court, Cabarrus County, NC | 4/29/1981: Not less than 10, nor more than 10 years imprisonment. 12/22/1986: Paroled. 3/22/1987: Discharged. | 4A1.1(a) | 3 |
| 2/3/1981 | Breaking and Entering (8 counts); NC Superior Court, Cabarrus County, NC | 4/29/1981: 10 years imprisonment, suspended, 5 years probation to begin upon release. Probation began 8/22/86. | 4A1.2(a)(2) | 0 |

| Date | Offense | Disposition | Guideline | Points |
|---|---|---|---|---|
| 10/9/1980 | Assault and Battery (2 counts), Driving While License Revoked and Expired Inspection Certificate; NC District Court, Buncombe County, NC | 7/8/1981: Convicted of Simple Assault & Battery (2 counts); 30 days imprisonment. Convicted of DWLR and Expired Inspection Certificate, 12 to 15 months imprisonment. | 4A1.1(a) | 3 |
| 11/19/1980 | Breaking & Entering (2 counts), Larceny (2 counts); NC Superior Court, Buncombe County, NC | 7/17/1981: Not less than 4 nor more than 6 years imprisonment. | 4A1.1(a) | 3 |
| 7/30/1983 | Escape; NC Superior Court, Haywood County, NC | 1/19/1984: 1 year imprisonment. | 4A1.1(b) | 2 |
| 7/25/1985 | Escape; NC Superior Court, Haywood County, NC | 1/30/1986: 1 year imprisonment at the expiration of present sentence. | 4A1.1(b) | 2 |
| 1/24/1987 | Driving While Impaired, Speeding to Elude Arrest; NC District Court, Buncombe County, NC | 3/31/1987: Driving While Impaired 90 days, suspended 1 year. Speeding to Elude Arrest, 6 months imprisonment, suspended 1 year. | 4A1.1(c) | 1 |
| 11/19/1989 | Driving While Impaired; NC District Court, Haywood County, NC | 1/2/1990: Not less than 12 nor more than 12 months imprisonment, suspended 1 year, 7 days active imprisonment. | 4A1.1(c) | 1 |
| 11/24/1990 | Driving While License Suspended, Driving While Impaired; NC District Court, Buncombe County, NC | 1/28/1991: 2 years imprisonment, suspended 2 years, 30 days active imprisonment. | 4A1.1(c) | 1 |

**STATUTORY PROVISIONS:**

If the Court finds that the defendant has violated the conditions of his supervised release, it may modify the conditions, extend the term of supervision (if less than the maximum authorized term was previously imposed), or revoke the term of supervision, all according to 18 U.S.C. § 3583(e). If the Court revokes the term of supervised release, it may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on post-release supervision. Since the original offense was a Class B Felony, the defendant cannot be required to serve more than three years in prison, pursuant to 18 U.S.C. § 3583(e)(3).

Additionally, if the defendant possesses a controlled substance, possesses a firearm, or refuses to comply with drug testing, 18 U.S.C. § 3583(g) directs the Court to revoke supervised release and sentence the defendant to a term of imprisonment not to exceed the maximum term authorized by statute. However, the Court, acting in accordance with the sentencing guidelines, has the authority to except an offender who fails a drug test from the mandatory revocation provisions pursuant to 18 U.S.C. § 3583(d). This provision states "...The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with the USSC guidelines from the rule of 18 U.S.C. § 3583(g), when considering any action against a defendant who fails a drug test."

Additionally, when the term of supervised release is revoked, and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under Subsection 18 U.S.C. § 3583(e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

**GUIDELINE PROVISIONS:**

The violation listed is a Grade C violation pursuant to 7B1.1(a)(3). According to 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. The Revocation Table at 7B1.4(a) provides for a guideline range of 8-14 months imprisonment for a Grade C violation with a criminal history category of VI.

The Policy Statement of 7B1.3(e) also recommends that the sentence of imprisonment be increased by the amount of time of official detention that will be credited towards service of that term under 18 U.S.C. § 3585(b) other than time resulting from the supervised release warrant or proceeding. Since there is no official detention adjustment necessary for the defendant, the imprisonment range is 8-14 months.

Pursuant to 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Submitted this 29th day of August, 2007.

                                                by    <u>s/ Stephen D. Cook</u>
                                                          Stephen D. Cook
                                                          U.S. Probation Officer
                                                          B-3 U.S. Courthouse Building
                                                          100 Otis Street
                                                          Asheville, NC 28801
                                                          (828) 771-7345
                                                          Date: 8/29/2007

SDC


Approved by:    <u>s/ B. Beattie Logan III</u>
                       B. Beattie Logan III
                       Supervising U.S. Probation Officer
                       (828) 771-7347

cc:     AUSA
        Defense Counsel

Prob 19
(1/82)

# United States District Court
# for the
# Western District of North Carolina



U.S.A vs Jimmy Earl Conard          Docket No.1:91CR52-01

TO: [1] **Any United States Marshal or any other authorized officer.**

| WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE | | | |
|---|---|---|---|
| You are hereby commanded to arrest the within-named defendant and bring him or her, forthwith before the United States District Court to answer charges that he or she violated the conditions of his or her supervision imposed by the court. | | | |
| NAME OF SUBJECT<br>Jimmy Earl Conard | SEX<br>Male | RACE<br>White | AGE<br>48 |
| ADDRESS(STREET, CITY, STATE)<br>55 Chris Lane, Asheville, NC 28806 | | | |
| SENTENCE IMPOSED BY (NAME OF JUDGE/COURT)<br>The Honorable Graham C. Mullen, United States District Court Judge | | | |
| The Honorable Dennis L. Howell<br>U. S. Magistrate Judge | (BY): *Dennis L. Howell* | | DATE<br>30 August, 2007 |

| RETURN | | |
|---|---|---|
| Warrant received and executed | DATE RECEIVED | DATE EXECUTED |
| EXECUTING AGENCY (NAME AND ADDRESS) | | |
| NAME | (BY) | DATE |

---

[1] Insert designation of officer to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for the Western District of North Carolina;" or "any United States Marshal; or "Any Special Agent of the Federal Bureau of Investigation;" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."